## New Orleans, Jackson & Great Northern Railroad Company vs. Henry Mitchell.

1. RAILROAD: *Damages. Liability. Instruction.*

In an action against a railroad company for damages to the person of the plaintiff, it is proper to inquire whether the plaintiff was guilty of such contributory negligence as would forfeit his right to recover of the company for the neglect of its servants; and, where the evidence tends to show such negligence on the part of the plaintiff, the jury should be instructed as to the law on that subject. It is a well-settled principle that it is negligence in a traveler crossing a railroad to do so without exercising his faculties to ascertain if there is danger in attempting to cross.

ERROR to Circuit Court of *Copiah* County.

Hon. URIAH MILLSAPS, Judge.

The facts of this case necessary to a full understanding of the principles announced, and also the assignments of error, will be found in the opinion of the court.

*Harris & George*, for plaintiff in error:

1. The law presumes that the company's servants performed the public duty required of them by the penal statutes, as to the caution bell and whistle, and that this presumption, when supported by the positive evidence that the fireman did ring the bell, cannot, on any safe principle in the administration of law, be overcome by a mere inference drawn from negative testimony, and that juries ought not, and legally cannot, disregard this principle in civil or criminal cases.

2. It was not only necessary to overcome this presumption and the positive evidence by other satisfactory evidence, but the plaintiff was bound to show, by satisfactory evidence, that the injury complained of was actually occasioned by the omission of the duty alleged to have been neglected. Sher. & Redf. on Neg., 9, §§ 8, 9.

3. The 1st and 2d instructions given for plaintiff require the jury to find for plaintiff, whether the alleged fault of the plaintiff led to the injury or not, and were erroneous.

4. The 6th instruction, added to the 1st and 2d, amounts together to a palpable misdirection—so palpable that it may be said that the true rule of law is the very reverse of that announced in these instructions. Sher. & Redf., 27–29. See, also, M. C. R. R. Co. v. Miller, 40 Miss., 45 ; S. R. R. Co. v. Hendrix, 40 ib., 374 ; Herndon v. Herndon, 41 ib., 584.

The instructions could have no other effect than to bewilder the jury.

The concurring and coöperating fault, on the one hand, was the alleged failure to ring the bell, and on the other, the failure of the plaintiff to use proper caution in going on the track.   If there was this want of proper caution—and the evidence of the plaintiff is pregnant with it—then there is no liability ; and yet this instruction conveys this idea, if it conveys anything.   Sher. & Redf. on Neg., 39, and authorities, §§ 34–40 ; Hand v. M. C. R. R. Co., 50 Miss., 178 ; Johnson v. Hudson R. R. Co., 20 N. Y., 65 ; Wild v. Same, 24 ib., 430 ; Hartfield v. Roper, 21 Wend., 419 ; Todd v. O. C. R. R. Co., 7 Allen, 207.

*C. E. Hooker*, for defendant in error :

The court should not disturb the verdict, even for an erroneous instruction, much less for an immaterial discrepancy, if, upon the whole of the facts and the law as given by the court, the jury have arrived at a correct result.   N. O., J. & G. N. R. R. Co. v. Field, 46 Miss., 573.

The question of negligence or want of care, by either party,

is a question of fact for the jury.  19 Conn., 566; 16 N.
Y., 476.

Plaintiff may recover though there was a want of care on
his part.    2 Redf. on Railw., 193, 194; M. & W. Railway Co.
v. Davis, 18 Ga., 679; A. & S. R. R. Co. v. McEwen, 21
Ga., 75.

If a party walking on the road negligently permits the cars
to run over him and kill him, the company is liable.    36 Md.,
366.   As to liability for negligence, see M. & C. R. R. Co. v.
Whitfield, 44 Miss., 489.

To grant a new trial there should be strong probable ground
to believe that the merits of the case have not been fully and
fairly tried, and that injustice has been done.    Wheeler v.
Shields, 2 Scam., 348.  See, also, Bobles v. Lamden, 7 Wis.,
601; Goode v. Love, 4 Leigh, 635; Cartwright v. Carpenter,
7 How., 328.

A new trial will not be granted, even on the ground of new
and material evidence, if such evidence, in the opinion of the
court, would not affect the result on another trial.    Middleton
v. Adams, 13 Vt., 285; Commonwealth v. Murray, 2 Ashm.,
41; Mechanics' Fire Ins. Co. v. Nichols, 1 Harr., 410.

The court will not disturb the verdict for a conflict in the
evidence.    Mann v. Manning, 12 S. & M., 615; Lea v. Guice,
13 ib., 656: Wall v. Vinkman, 13 ib., 599; Drake v. Sur get
36 Miss., 458; Gwinn v. Doherty, 43 ib., 538.

The plaintiff is not bound to prove more than enough to
raise a fair presumption of negligence on the part of the
defendant.    Having done this he is entitled to recover, unless
the defendant proves affirmatively that he was not in fault.
Sher. & Redf. on Neg., §§ 13, 28.

TARBELL, J., delivered the opinion of the court.

This was an action by Henry Mitchell to recover damages of
the railroad company for injuries to the person, resulting from
the negligent management of a freight train of the company by

its servants. There was a verdict for the plaintiff in the action for $400. A motion for a new trial was overruled, when the defendant in the court below prosecuted this writ of error, and assigns here the following grounds upon which he relies for a reversal of the judgment.

1. Contradictory instructions to the jury.
2. Erroneous instructions given for the plaintiff.
3. In refusing instructions asked for defendant.
4. In overruling the motion for a new trial.

The real question in this case, from the evidence, was whether the plaintiff was guilty of such contributory negligence as to forfeit his right to recover of the company for the neglect of the servants. Yet this question, as the record now appears, was substantially obscured, and manifestly disregarded by the jury as well as by the court. Mitchell was driving a team across the railroad track, four miles from Crystal Springs, when he was caught and injured by the passenger train. He left the Springs just in advance of the train, and knew it was about to start. When within about 150 yards of the crossing he descended a hill, through a cut, but the train was visible at points down this hill. The noise of the moving train was heard for three-fourths of a mile beyond the crossing by several parties.

The fireman testifies that he rang the bell, but this is very likely not true. Mitchell says he listened, and was on the watch, but did not see the train, nor hear its approach, nor was the bell rung.

It is among the absolute certainties of this case that the noise of the approaching train was perfectly heard, by even casual listeners, from the moment of its leaving the Springs, and that it was visible, at points from the top of the hill, for 150 yards, to the crossing. It only required the most casual observation to have seen and heard the train. Indeed, blindness and deafness, or entire engrossment of the mind, could only have prevented seeing and hearing its advance.

1. The first instruction for the plaintiff directs a verdict for

him, if the agents and servants of defendant were negligent and wanting in due care.

2. The 2d authorized a verdict for plaintiff if the bell was not rung.

3. The 3d instructed the jury that a verdict for plaintiff would be warranted if there was neglect on the part of the agents of defendant, and the plaintiff was without negligence on his part.

4. The 4th is a more enlarged statement of the 2d, as to the liability of the company for the neglect to ring the bell.

5. The 5th is substantially a restatement of the 1st, declaring the right of the plaintiff to recover for the neglect of the defendant.

6. The 6th instructs the jury that though the plaintiff might have been negligent, yet, if the injury might have been avoided by the use of ordinary care on the part of the servants of defendant, the plaintiff has a right to recover.

It will be seen that the 1st, 2d, 4th, and 5th of these instructions ignore the real point in the case, while the 3d is correct, and the 6th is only in part correct. The last is substantially drawn from S. & R., 23, *et seq.*, but omits important words, material to the precise state of facts at bar.

After the discovery of the danger no possible care, prudence, or exertion could have avoided or prevented the injury. Ib., § 36 ; ib., § 485, p. 543.

The instructions given for the defendant were these. The 1st, 2d, and 5th were correctly propounded upon the facts of the case.

The 3d is believed to be unsound. S. &. R., §§ 32, 33, 34, 35, 36, 37.

The 6th asked for the defendant, and refused, embraced this legal rule : " that it is negligence in a traveler, crossing a railroad, to do so without exercising his faculties to ascertain if there is danger in attempting to cross."

The proposition thus presented is well settled law, by numerous adjudications, as well as by reason.

The instruction was, thus far, precisely applicable to the case as involved in the facts, and it was error to refuse it. S. &. R., 550, and notes; ib., § 485, p. 543; 1 Redf., § 133, p. 545, and notes; Sedg., 530; 2 Redf., 191, § 177. The rule applicable to the facts of this case is clearly defined in Shearman. & Redfield, and in Redfield, and other authorities therein cited.

It is too manifest that justice indicates another hearing in. this case to require an analysis of the adjudications.

An opinion upon the evidence is undesirable, and not intended. The precise question for the jury should be more clearly presented, and for this purpose the judgment will be reversed. This result is considerably strengthened by the affidavit of newly discovered evidence, which seems to be full and complete, and to entitle it to favorable consideration.. Though not decisive, the evidence appears to be important,. and not altogether, if at all, cumulative.

Reversed and remanded.